**In the Matter of Anna E. FULKERSON, Respondent.**

No. 02S00–0901–DI–9.

Supreme Court of Indiana.

Oct. 18, 2012.

*PUBLISHED ORDER REVOKING PROBATION AND IMPOSING SUSPENSION*

This Court entered an order suspending Respondent from the practice of law without automatic reinstatement, effective October 13, 2009, for a period of at least one year. Respondent filed a petition for reinstatement on October 13, 2010. On August 24, 2011, this Court entered an order reinstating Respondent subject to successful completion of probation of at least two years on terms to be determined by the Indiana Judges and Lawyers Assistance Program ("JLAP"). The order stated: "If Respondent violates her probation, the Commission may petition the Court to revoke her probation and to re-impose her suspension without automatic reinstatement."

On August 10, 2012, the Commission filed a motion to revoke Respondent's probation, asserting that Respondent materially violated the terms of the JLAP monitoring agreement. According to a notification from JLAP the Commission received on July 31, 2012:

- Respondent did not provide a urine screen on July 12, 2012.
- She did not participate in monthly therapy sessions for the last two months.
- She stopped seeing her psychiatrist in December 2011 with JLAP's approval but had not obtained a recent reevaluation requested by JLAP.
- She did not sign the necessary release to allow JLAP's staff to obtain a report from her pain management specialist.

Respondent filed a response on August 29, 2012, stating:

- She was laid off from her minimum wage job around March 1, 2011, and is currently seeking employment.
- She continues to cooperate with JLAP and to comply with the terms of her probation that do not involve financial obligations.

Respondent has failed to address the Commission's allegation that she did not sign the necessary release to allow JLAP's staff to obtain a report from her pain management specialist—a probation requirement that would not involve a financial burden. We deem this to be an admission of this allegation, *see* Admis. Disc. R. 23(17.2)(b), and conclude that this violation alone is sufficient grounds for revoking her probation.

In addition, we note that the JLAP notification details the efforts JLAP has made to minimize her costs for services and states that Respondent says she will not pay for or go into debt for a service she does not need. Respondent's answer to the Commission's motion to revoke probation does not address the allegation that she told JLAP that she does not believe she needs these services.

Being duly advised, the Court GRANTS the motion and revokes Respondent's probationary reinstatement to the practice of law. **Respondent's suspension without automatic reinstatement is re-imposed, beginning November 30, 2012.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent may

petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b). The costs of this proceeding are assessed against Respondent.

The Court directs the Clerk to serve a copy of this Order upon Respondent and the Executive Secretary by personal service or by certified mail return receipt requested. The Court further directs the Clerk to forward a copy of this Order to all entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.